# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-1015V
UNPUBLISHED

|  |  |
|---|---|
| ARIANA DRIVDAHL, | Chief Special Master Corcoran |
| Petitioner, | Filed: April 13, 2023 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Influenza (Flu) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |
| Respondent. | |

*Alan Kenneth Nicolette, Nordstrom, Steele, et al., Tustin, CA, for Petitioner.*

*Nancy Tinch, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On February 24, 2021, Ariana Drivdahl filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza ("flu") vaccine on November 11, 2020, and thereafter suffered from a left-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-2.  Petitioner further alleges that she suffered her injury for more than six months. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 12, 2023, Respondent filed a combined Rule 4(c) report and Proffer ("Rule 4/Proffer") in which he concedes that Petitioner is entitled to compensation in this case. Rule 4/Proffer at 1. Specifically, Respondent states that "petitioner has satisfied the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

criteria for SIRVA set forth in the Vaccine Injury Table ('Table') and the Qualifications and Aids to Interpretation ('QAI'). Specifically, petitioner had no apparent history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection; she more likely than not suffered the onset of pain within forty-eight hours of vaccine administration; her pain and reduced range of motion were limited to the shoulder in which the intramuscular vaccine was administered; and there is no other condition or abnormality present that would explain petitioner's symptoms." *Id.* at 6. Respondent further agrees that "petitioner satisfies the statutory severity requirement by suffering the residual effects or complications of her injury for more than six months after vaccine administration" and she has not "received compensation in the form of an award of settlement for [her] vaccine-related injury." *Id.* at 6-7.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

2