# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1015V

|  |  |
|---|---|
| ARIANA DRIVDAHL, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: July 24, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Alan Kenneth Nicolette, Nordstrom, Steele, et al., Tustin, CA,, for Petitioner.*

*Nancy Tinch, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 24, 2021, Ariana Drivdahl filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza vaccine on November 11, 2020, and thereafter suffered from a left-sided shoulder injury related to vaccine administration. Petition at 1. On April 13, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 29.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $17,734.79 (representing $16,520.84 for fees and $1,213.95 for costs). Petitioner's Application for Attorney's Fees and Costs ("Motion") filed May 30, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred out-of-pocket expenses in the amount of $285.00. ECF No. 39.

Respondent reacted to the motion on June 14, 2023, indicating that he defers resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 38. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for her attorney Alan K. Nicolette at the hourly rate of $425, for all time billed in the 2021-23 timeframe. Petitioner also requests the hourly rate of $125 for paralegal work performed in this matter. ECF No. 37-1. Some of these rates require adjustment.

The hourly rate requested for paralegal time billed in the 2021-23 period is reasonable and consistent with our prior determinations, and will therefore be adopted. Mr. Nicolette, however, was previously awarded the *lesser* rate of $395 per hour for all time billed in the 2021-22 period. *See Mendoza* v. *Sec'y of Health & Hum. Servs.,* No. 20-1475V, 2022 WL 2387342 (Fed. Cl. Spec. Mstr. May 26, 2022). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce Mr. Nicolette's rate to $395 per hour for all time billed in the 2021-22 period, to be consistent with his previously awarded rate. This results in a reduction of attorney's fees to be awarded of **$307.50**.[3]

For work performed in 2023 however, Mr. Nicolette's requested rate of $425 per hour is reasonable and within the Vaccine Program's published range for attorneys with his level of experience,[4] and shall therefore be adopted.

Lastly, Petitioner has provided supporting documentation for all claimed costs. Attachment to Motion at 17-22. Respondent offered no specific objection to the rates or amounts sought.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded the total amount of $17,712.29[5] as follows:**

---

[3] This amount consists of: ($425 - $395 = $30 x 10.25 hrs billed = $307.50)

[4] The OSM Attorneys' Forum Hourly Rate Schedules are available on the U.S. Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $17,427.29, representing reimbursement for fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel and;**

- **A lump sum of $285.00, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.